```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

MARK GAGNIER,
            Plaintiff,

     v.                           CIVIL ACTION NO. 22-40011-TSH
CLINTON COUNTY JAIL,
OFFICERS ALGER, WEST, BREM,
(SGT) THOMPSON, (SGT) FAUBERT,
            Defendants.
```

## ORDER DISMISSING ACTION

HILLMAN, D.J.

Plaintiff's Emergency Injunction (ECF No. 1) is DENIED and the action is <u>DISMISSED</u> without prejudice for lack of jurisdiction. While a docket number has been assigned by the Clerk's Office for the convenience of the Court, plaintiff Mark Gagnier ("Gagnier") has arguably not yet commenced an action because a complaint has not been filed. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"). Instead, this action was initiated as a document entitled "Emergency Injunction," ECF No. 1, accompanied by a $10.00 money order. The action is purportedly filed on his behalf by another prisoner, Andre Levesque.[1]

"In the absence of a complaint ... setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a

---

[1] To be sure, while Levesque can assist Gagnier, Gagnier cannot authorize Levesque -- a presumed non-lawyer -- to represent him in this Court. See Local Rule 83.5.5(b) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.")

temporary restraining order ('TRO') or a preliminary injunction." Lowenthal v. Massachusetts, No. CIV.A. 14-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014) (quoting Greene v. Phila. Hous. Auth., No. 11-MC-60, 2011 WL 1833011 (E.D.Pa. May 11, 2011)); Latimore v. Boston Police Dep't, No. CIV.A. 14-13685-FDS, 2014 WL 4965867, at *2 (D. Mass. Oct. 1, 2014).

The Clerk is directed to return to the Treasurer of the Clinton County Jail, Mark Gagnier's $10.00 money order, leaving Gagnier to decide whether to commence a civil action and incur the substantial, non-waivable $402 filing and administrative fee. See 28 U.S.C. § 1915(b)(1) ([I]f a prisoner brings a civil action … in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee).  The Court observes, but does not rule, that a complaint based upon the sparse allegations contained in Gagnier's filings might lay venue in the wrong district.  See 28 U.S.C. §§ 1391(a), 1391(e), and 1406(a) (requiring dismissal or, if in the interest of justice, transfer of an action for improper venue).

SO ORDERED.

DATE: April 1, 2022

/s/ Timothy S. Hillman
UNITED STATES DISTRICT JUDGE